# EXHIBIT A

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: SHIRIN SCHOKRPUR
UBER TECHNOLOGIES, INC.
1455 MARKET STREET
4TH FLOOR
SAN FRANCISCO, CA 94103

SOP Transmittal # 525745968

213-337-4615 - Telephone

Entity Served: UBER TECHNOLOGIES, INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 22 day of September, 2014. The following is a summary of the document(s) received:

1. **Title of Action:** Hakan Yucesoy, etc., Pltf. vs. UBER Technologies, Inc., et al., Dfts.
2. **Document(s) Served:** Other: Summons, Complaint, Schedule, Notice, First Request
3. **Court of Jurisdiction/Case Number:** Commonwealth of Massachusetts, .
   Case # 140576C
4. **Amount Claimed, if any:** N/A
5. **Method of Service:**

   _X_ Personally served by:  _X_ Process Server  ___ Deputy Sheriff  ___ U. S Marshall

   ___ Delivered Via:  ___ Certified Mail  ___ Regular Mail  ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:** 09/22/2014 02:30:00 PM CST
7. **Appearance/Answer Date:** Within 30 days after service
8. **Received From:** Shedrick O. Davis III
   JPMorgan Chase Legal Department
   300 S. Grand Avenue -4th Floor
   Los Angeles, CA 90071
   213-621-8325
9. **Federal Express Airbill #** 771251271110
10. **Call Made to:** Not required
11. **Special Comments:**
    SOP Papers with Transmittal, via Fed Ex 2 Day
    Image SOP
    Email Notification, SALLE YOO LEGAL@UBER.COM

**NATIONAL REGISTERED AGENTS, INC.**        CopiesTo:

Transmitted by Nancy Flores

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 14-0576-C



Hakan Yucesoy et al. , Plaintiff(s)

v.

Uber Technologies, Inc., Travis Kalanick and Ryan Graves , Defendant(s)

## SUMMONS

Travis Kalanick
3800 16th Street
San Francisco, CA 94114

To the above-named Defendant:

You are hereby summoned and required to serve upon Shannon Liss-Riordan of Lichten & Liss-Riordan, P.C. plaintiff's attorney, whose address is 729 Boylston St. 2nd Fl Boston, MA , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the fifth day of September , in the year of our Lord two thousand fourteen .

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

Case 1:14-cv-13938-FDS Document 1-1 Filed 10/21/14 Page 4 of 12

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 14-0576-C

Hakan Yucesoy et al., Plaintiff(s)

v.

Uber Technologies, Inc., Travis Kalanick and Ryan Graves, Defendant(s)

## SUMMONS

Ryan Graves
501 Octavia St. Apt. 11
San Francisco, CA 94102

To the above-named Defendant:

You are hereby summoned and required to serve upon Shannon Liss-Riordan of Lichten & Liss-Riordan, P.C. plaintiff's attorney, whose address is 729 Boylston St, 2nd Fl Boston, MA, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the fifth day of September, in the year of our Lord two thousand fourteen.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 14-0576-C

Hakan Yucesoy et al.
_____, Plaintiff(s)

v.

Uber Technologies, Inc., Travis
Kalanick and Ryan Graves
_____, Defendant(s)

## SUMMONS

Uber Technologies
c/o Registered Agent: National Registered Agents
818 W. Seventh St. Los Angeles, CA 90017

To the above-named Defendant:

You are hereby summoned and required to serve upon Shannon Liss-Riordan of Lichten & Liss-Riordan, P.C.

plaintiff's attorney, whose address is 729 Boylston St., 2nd Fl Boston, MA, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the __fifth__ day of __September__, in the year of our Lord two thousand __fourteen__.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                     Superior Court
                                                 Civil Action No. 14-0576 C

HAKAN YUCESOY, )
on behalf of himself and all others )
similarly situated, )
 )
            Plaintiff, )    JURY DEMANDED
 )
v. )
 )
UBER TECHNOLOGIES, INC., )
TRAVIS KALANICK, and RYAN GRAVES, )
 )
            Defendants. )
 )

RECEIVED
JUN 26 2014
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

## CLASS ACTION COMPLAINT

### I. INTRODUCTION

1. This case is brought on behalf of individuals who have worked as Uber drivers in Massachusetts (other than as Uber taxi drivers), including Uber Black Car, UberX, and UberSUV drivers. Uber is a car service that provides customers with drivers who can be hailed and dispatched through a mobile phone application.

2. Uber has misclassified these drivers as independent contractors, in violation of Mass. Gen. L. c. 149 § 148B. As a result of this misclassification, the drivers have had to bear expenses that should be borne by the employer. For example, the drivers have had to pay expenses to maintain or lease their vehicles, as well as other expenses, such as gas, insurance, and phone data charges.

3. In addition, Uber has advertised to customers that gratuity is included in the cost of its car service. However, Uber drivers do not receive the total proceeds of

any such gratuity. Furthermore, based on Uber's communication to customers that gratuity is included in the price of its service and so they do not need to tip, few if any customers leave tips for the drivers. Uber has also prohibited its drivers from accepting tips. Thus, drivers do not receive the tips that are customary in the car service industry and that they would otherwise receive were it not for Uber's communication to customers that they do not need to tip, and were it not for Uber's prohibition on drivers accepting tips.

4. Plaintiff brings this action on his own behalf, and on behalf of all Uber drivers (other than Uber taxi drivers) who have worked in Massachusetts, for violations of the Independent Contractor Law, Mass. Gen. L. c. 149 § 148B, the Tips Law, Mass. Gen. L. c. 149 § 152A, as well as tortious interference with contractual and/or advantageous relations and unjust enrichment.

II. **PARTIES**

5. Plaintiff Hakan Yucesory is an adult resident of Brookline, Massachusetts. He has worked as an Uber Black Car and UberX driver in Massachusetts in 2013 and 2014.

6. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as Uber drivers (other than Uber taxi drivers) in Massachusetts.

7. Defendant Uber Technologies, Inc. ("Uber") is an international car service that is headquartered in San Francisco, California.

8. Defendant Travis Kalanick is a California resident and is the President and a Director of Uber. Mr. Kalanick is responsible for Uber's pay practices and employment policies.

9. Defendant Ryan Graves is a California resident of and is the Vice President and a Director of Uber. Mr. Graves is responsible for Uber's pay practices and employment policies.

### III. STATEMENT OF FACTS

10. Uber provides car service via an on demand dispatch system.

11. Uber offers customers the ability to hail a car service driver on a mobile phone application.

12. Uber's website advertises that "Uber is your on-demand private driver."

13. Uber has stated to customers, on its website and in marketing materials, that a gratuity is included in the total cost of the car service and that there is no need to tip the driver.

14. However, Uber drivers do not receive the total proceeds of this gratuity.

15. Instead, Uber retains a portion of the gratuity for itself.

16. For car service provided by Uber Black Car, UberX, and UberSUV drivers, Uber has generally not specified the amount of the gratuity.

17. However, it is customary in the car service industry for customers to leave approximately a 20% gratuity for drivers. Thus, where the amount of the gratuity is not specified, reasonable customers would assume that the gratuity is in the range of 20% of the total fare.

18. As a result of Uber's conduct and actions in informing customers that gratuity is included in the cost of its service, and that there is no need to tip the drivers, but then not remitting the total proceeds of the gratuity to the drivers, Uber drivers have been deprived of payments to which they are entitled, and to which reasonable customers would have expected them to receive.

19. Moreover, by informing customers that there is no need to tip the drivers, Uber has further interfered with the advantageous relationship that drivers would otherwise enjoy with customers. Uber has prevented its drivers from receiving tips from customers based upon its deceptive and misleading communications to customers.

20. In addition, Uber drivers have been told they cannot accept tips that customers may otherwise leave on top of the amount charged to them by Uber.

21. Thus, Uber drivers have not received tips that customers would otherwise leave for them.

22. Although classified as independent contractors, Uber drivers are employees under Massachusetts law.

23. Uber is in the business of providing car service to customers, and that is the service that Uber drivers provide. The drivers' services are fully integrated into Uber's business, and without the drivers, Uber's business would not exist.

24. In addition, drivers are required to follow a litany of detailed requirements imposed on them by Uber and they are graded, and are subject to termination, based on their failure to adhere to these requirements (such as rules regarding their conduct with customers, the cleanliness of their vehicles, their timeliness in picking up

customers and taking them to their destination, what they are allowed to say to customers, etc.)

25. Due to their misclassification as independent contractors, Uber drivers have been required to bear many of the expenses of their employment, including expenses for maintaining or leasing their vehicles, insurance, gas, phone data charges, and other expenses. Massachusetts law prohibits employers from requiring employees to pay for their jobs, or to bear expenses that are necessary for the performance of their jobs and which primarily benefit the employer.

## IV. EXHAUSTION OF ADIMINTRATIVE REMEDIES

26. Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149 § 150, the above-named plaintiff filed his statutory claims with the Office of the Attorney General and received a right to sue letter in order to proceed on these claims in court.

### COUNT I

### Independent Contractor Misclassification

As set forth above, Defendants have misclassified Uber drivers in Massachusetts as independent contractors, in violation of Mass. Gen. L. c. 149 § 148B. As a result of this misclassification, drivers have improperly been required to bear the expenses of their employment (such as expenses for maintaining or leasing their vehicles, insurance, gas, phone data charges, and other expenses), in violation of Mass. Gen. L. c. 149 §§ 148 and 148B. This claim is brought pursuant to M.G.L. c. 149, § 150.

## COUNT II

### Tips Law Violations

As set forth above, Defendants have violated the Massachusetts Tips Law, Mass. Gen. L. c. 149 § 152A, both by failing to remit to drivers the total proceeds of gratuities that Defendants have led customers to believe are included in Uber's price for car service and by interfering with drivers' ability to receive tips on top of this price. Defendants have interfered with drivers' receipt of tips both by leading customers to believe that tips are already included in Uber's price for car service and by prohibiting drivers from receiving tips on top of Uber's price for car service.

## COUNT III

### Tortious Interference with Contractual and/or Advantageous Relations

Defendants' conduct, as set forth above, in failing to remit the total proceeds of gratuities to the drivers (that customers want to leave for Uber drivers and believe they are leaving for them) constitutes unlawful tortious interference with the contractual and/or advantageous relationship that exists between the drivers and the customers, under state common law. Furthermore, Defendants' conduct in informing Uber customers that there is no need to tip their drivers also constitutes unlawful tortious interference with the contractual and/or advantageous relationship that exists between the drivers and the customers, under state common law.

## JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs respectfully request this Court to:

A. Certify this case as a class action pursuant to Mass. Gen. L. c. 149 § 150 and/or Mass. R. Civ. P. 23;

B. Issue a declaratory judgment that Plaintiffs are employees, not independent contractors;

C. Award damages for all wages or other forms of restitution that are due to Plaintiffs because of their misclassification as independent contractors;

D. Award damages that are due to Plaintiffs because of Defendants' violation of Mass. Gen. L. c. 149 § 152A and common law doctrines;

E. Award treble damages for all wage law violations;

F. Award attorneys' fees and costs; and

G. Award any other relief to which the Plaintiffs may be entitled.

Respectfully submitted,

HAKAN YUCESOY, individually and on behalf of all others similarly situated,

By their attorneys,

Shannon Liss-Riordan, BBO #640716
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800
(617) 994-5801 (fax)
Email: sliss@llrlaw.com

Dated:    June 26, 2014

7