# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAKAN YUCESOY, on behalf of himself and others similarly situated, | |
| Plaintiff, | CIVIL ACTION NO.  1:14-cv-13938-IT |
| v. | |
| UBER TECHNOLOGIES, INC., TRAVIS KALANICK, and RYAN GRAVES. | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................... 1
FACTUAL BACKGROUND ..................................................................................................... 1
PROCEDURAL BACKGROUND ............................................................................................. 3
FED R. CIV. P. 12(b)(6) STANDARD ...................................................................................... 4
ARGUMENT .............................................................................................................................. 5

I.  THIS COURT SHOULD DISMISS ALL CLAIMS BECAUSE PLAINTIFF AGREED TO THE EXCLUSIVE JURISDICTION OF ANOTHER VENUE ............................................... 5

    A.  Forum-Selection Clauses Determine Proper Venue ........................................... 5
    B.  Plaintiff Entered into an Exclusive Forum Selection Clause with Uber ............. 7

II. IF THIS COURT DOES NOT DISMISS, IT SHOULD TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA .............. 8

    A.  Plaintiff's Claims Are Governed by a Forum Selection Clause Pointing to California ............................................................................................................. 9
    B.  The Forum Selection Clause Is Enforceable .................................................... 10
    C.  Public Interest Factors Favor Transfer of Plaintiff's Claims ........................... 12

CONCLUSION ......................................................................................................................... 14

**INTRODUCTION**

Defendants Uber Technologies, Inc. ("Uber"), Travis Kalanick ("Kalanick"), and Ryan Graves ("Graves") (collectively, "Defendants") submit this Memorandum in Support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, to Transfer Venue pursuant to 28 U.S.C. § 1404.[1] Plaintiff Hakan Yucesoy ("Plaintiff") seeks to bring claims in Massachusetts, despite having entered into to a valid contract requiring that all disputes with Uber be resolved in California. Accordingly, this Court should dismiss Plaintiff's complaint for failure to state a claim or, in the alternative, transfer this action to the United States District Court for the Northern District of California.

**FACTUAL BACKGROUND**

Uber is a software technology company organized under Delaware law and headquartered in San Francisco, California. Kalanick is Uber's Chief Executive Officer and Co-Founder. Graves is Uber's Vice President of Operations. Kalanick and Graves live and work in San Francisco, California.

Uber is not in the transportation business. It does not own vehicles or employ drivers. Rather, among other services, Uber provides a service that gives consumers the ability to locate a participating driver "on demand" using a mobile application ("App") downloaded to their smartphones. Uber contracts via a Software License and Online Services Agreement ("Licensing Agreement") and/or Transportation Provider Service Agreement with transportation companies,

---

[1] The United States Supreme Court recently determined that 28 U.S.C. § 1404(a) – not § 1406(a) or Fed. R. Civ. P. 12(b)(3) – is the proper means by which parties should seek a venue transfer in federal court. Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex., 134 S. Ct. 568 (2013). However, the Court specifically declined to consider whether Fed. R. Civ. P. 12(b)(6) would apply to dismiss a case brought in violation of a forum selection clause. Id. at 581. Accordingly, and because Fed. R. Civ. P. 12(b)(6) has been the typical mechanism for this type of action in the First Circuit, Defendants move under this rule and seek transfer, in the alternative, under § 1404(a). See Carter's of New Bedford, Inc. v. Nike, Inc., No. 13-11513, 2014 WL 1311750, *2, n. 5 (D. Mass. Mar. 31, 2014).

taxicab drivers, and individuals (collectively "Partners") who wish to obtain lead generation services via Uber's mobile application.[2] Once the Partners agree to the contractual terms, they are able to receive trip requests from consumers who have signed up for the passenger version of Uber's mobile application.

Partners have complete discretion over whether and when to accept or decline each request for transportation service. If a Partner accepts a request, the requesting consumer's App notifies him or her and provides information regarding the Partner – including the Partner's name, telephone number, vehicle license number, and passenger rating. The App allows consumers to view the Partner's progress towards the pick-up location in real time. Passengers who sign up for the App enter a credit card number into their user profiles. As part of the service offered to drivers by Uber, all payments are handled by a third-party credit card payment processing company and the consumer receives an electronic receipt on behalf of the driver immediately after completion of the trip. The receipt explains the transportation provided and the calculation of charge for the service ("fare"). On behalf of the passenger, Uber remits the fare, less Uber's fee, to the Partner.

Prior to entering into any agreement with Uber, each Partner must provide proof of valid state and local licenses, submit to a background check, and meet state and local insurance, drug testing, and other requirements. Each Partner entering into the Licensing Agreement agrees that:

> This Agreement shall be governed by California law, without regard to the choice or conflicts of law provisions of any jurisdiction, and any disputes, actions, claims or causes of action arising out of or in connection with this Agreement or the

---

[2] Uber launched the App in the greater Boston area on October 5, 2011. Current Boston area Users may choose between several vehicle types, including livery car ("Black"), SUV ("SUV"), low-cost vehicle ("UberX") and taxicab ("TAXI"). Plaintiff does not purport to represent transportation providers who have signed up only for Uber TAXI.

>Service or Software shall be subject to the exclusive jurisdiction of the state and federal courts located in the City and County of San Francisco, California.

See Licensing Agreement, attached hereto as Exhibit A, ¶ 14.1. Plaintiff agreed to the California forum selection provision when he entered into the Licensing Agreement on January 20, 2014.

## PROCEDURAL BACKGROUND

Plaintiff filed a Complaint in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Suffolk Country, Civil Action No. 14-0576-C. on or about June 26, 2014. Dkt. No. 1. In his Complaint, Plaintiff seeks a declaratory judgment that he and members of the putative class he seeks to represent are employees under Massachusetts law. He also seeks to recover expenses he claims were improperly incurred as a result of the alleged misclassification as independent contractors (such as expenses for maintaining or leasing vehicles, insurance, gas, phone data charges and other expenses), lost wages and other forms of restitution, damages for failure to remit the total proceeds of gratuities, interference with the receipt of gratuities, statutory trebling of wage-related damages, and attorneys' fees and costs on behalf of himself and the proposed class based on the following three causes of action: (1) misclassification of employees as independent contractors pursuant to Mass. Gen. Laws ch. 149, § 148B; (2) violation of the Massachusetts Tips Law – Mass. Gen. Laws ch. 149, § 152A; and (3) tortious interference with contractual and/or advantageous relations.

Defendants received service of process of the Complaint on or about September 22, 2014. Defendants filed a timely Notice of Removal with this Court on October 21, 2014 because this Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Dkt. No. 1.

Plaintiff's counsel previously filed a Complaint in the United States District Court for the Northern District of California asserting similar causes of action to those raised in Plaintiff's Complaint.  See O'Connor et al. v. Uber Technologies, et al, N.D. Cal. Docket No. 13-03826-EMC. There, the named plaintiff purported to represent a class of "all other individuals who have worked as Uber drivers anywhere in the country other than in Massachusetts."  Like Plaintiff in this action, he claimed that: (1) Uber misclassified its drivers as independent contractors; (2) Uber failed to remit required gratuities to its drivers; and (3) tortious interference with contractual and/or advantageous relations.  Filed in August 2013, O'Connor resulted in protracted and detailed litigation with over 175 docket entries to date.  Judge Edward Chen has presided over the entirety of this matter and is intimately familiar with the causes of action and legal theories advanced therein, which are identical in form and substance to those Plaintiff raises in the present action.

## FED R. CIV. P. 12(b)(6) STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678 (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). This Court should dismiss a complaint if the well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., *LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and alteration omitted).

## ARGUMENT

This Court should dismiss all claims because the parties agreed in the Licensing Agreement to resolve any disputes in California.[3] If this Court does not dismiss the Complaint, it should instead transfer this action to the United States District Court for the Northern District of California.

**I.  THIS COURT SHOULD DISMISS ALL CLAIMS BECAUSE PLAINTIFF AGREED TO THE EXCLUSIVE JURISDICTION OF ANOTHER VENUE**

Plaintiff has not stated a claim upon which this Court can grant relief because he agreed by contract that the state and federal courts in San Francisco, California enjoy exclusive jurisdiction over all claims arising out of or in connection with the Licensing Agreement or Plaintiff's use of Uber's technology. "When ruling on a pre-trial motion challenging venue '[a]ll well-pleaded allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits. A district court may examine facts outside the complaint to determine whether its venue is proper.'" Turnley v. Banc of Am. Inv. Servs., Inc., 576 F. Supp. 2d. 204, 211 (D. Mass. 2008) (citations omitted). Further, "[t]he First Circuit has repeatedly upheld dismissals based on forum selection clauses without requiring the district court to consider transfer, even when there is an available alternate forum." Sanchez v. Lasership, Inc., CA 11-10990-MLW, 2012 WL 1565343, at *3. (D. Mass. Apr. 30, 2012).

**A.  Forum-Selection Clauses Determine Proper Venue**

This Court should defer to the Licensing Agreement's forum selection clause in evaluating the propriety of Plaintiff's chosen venue. "[A] valid forum selection clause carries with it a 'strong presumption of enforceability' and should be enforced unless the resisting party

---

[3] Indeed, the Licensing Agreement also contains an arbitration provision, and to the extent Defendant intends to move to compel arbitration, such a motion must be brought before the courts in San Francisco, California, pursuant to the forum selection provision. See Exhibit A at ¶ 14.1.

can show that enforcement would be unreasonable or would contravene a strong public policy of the forum in which suit is brought.'" Provanzano v. Parker View Farm, Inc., 827 F. Supp. 2d 53, 58 (D. Mass. 2011) (quoting Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 18 (1st Cir. 2009)); accord Bagg v. HighBeam Research, Inc., 862 F. Supp. 2d 41, 45 (D. Mass. 2012) ("Forum selection clauses are valid and enforceable, unless the resisting party shows that enforcement would be unreasonable . . . ." (citing Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 386 (1st Cir. 2001)). A forum selection clause that mandates a venue for any disputes "related to" or "in connection with" a contract applies broadly to non-contract claims. See Bagg, 862 F. Supp. 2d at 45-46 (citing Huffington v. T.C. Group, LLC, 637 F.3d 18, 22 (1st Cir. 2011); Somerville Auto Transp. Serv., Inc. v. Auto. Fin. Corp., 691 F. Supp. 2d 267, 272 (D. Mass. 2010); *Doe v.* Seacamp Ass'n, Inc., 276 F. Supp. 2d 222 (D. Mass. 2003)) ("[I]t is clear that Plaintiffs' claims 'relate to' the Software Agreement even though they are pled as tort and statutory claims."). Forum selection clauses are valid even if they exist in a form contract where one party has little or no bargaining power. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991).

Exclusive forum selection clauses receive even greater deference. "The use of words such as 'will' or 'shall' demonstrate parties' exclusive commitment to the named forum." Provanzano, 827 F. Supp. 2d at 60 (citing Summit Packaging Sys., Inc. v. Kenyon & Kenyon, 273 F.3d 9, 12 (1st Cir. 2001)). Exclusive forum selection clauses support dismissal of all claims that "arise from 'the same operative facts'" because holding otherwise would "reward attempts to evade the enforcement of forum selection clauses . . . and ignore the fundamental principle of judicial economy." Id. at 61 (quoting Rivera, 575 F.3d at 17, Lambert v. Kysar, 983 F.2d 1110, 1121-22 (1st Cir. 1993)). Courts in the First Circuit have traditionally respected the ability of independent

minds to agree to the exclusive jurisdiction of another forum. See, e.g., Provanzano, 827 F. Supp. 2d at 59 (holding that forum selection clause stating "venue shall be in Woodford County" mandated dismissal of all claims); Home Prods. Int'l-N. Am., Inc. v. Peoplesoft USA, Inc., 201 F.R.D. 42, 43 (D. Mass. 2001) (holding forum selection clause designating San Francisco, California as exclusive forum in software license and services agreement valid and finding language that "[v]enue shall be in San Francisco, California" to be "unambiguous and exclusive").

      **B.**      **Plaintiff Entered into an Exclusive Forum Selection Clause with Uber**

The forum selection clause at issue here is mandatory and enforceable. As indicated above, Plaintiff agreed to the state and federal courts in San Francisco, California as the exclusive forum to litigate any disputes arising out of or in connection with his Licensing Agreement with Uber or his use of the App. Because Plaintiff's allegations relate exclusively to harms he allegedly suffered in consequence of his use of the Uber App, no colorable dispute exists regarding whether Plaintiff's claims arise out of or in connection with his Licensing Agreement with Uber. Indeed, Plaintiff's counsel is well aware that San Francisco, California is the proper and exclusive venue for this case. Given the current matter being litigated there, Plaintiff has no legitimate basis to claim enforcement of the forum selection clause is unreasonable or contravenes a strong public policy, particularly where O'Connor brought his allegations in California, on behalf of Uber drivers in all other states except Massachusetts. Accordingly, this Court should dismiss Plaintiff's claims because they were filed in the wrong venue.

## II. IF THIS COURT DOES NOT DISMISS, IT SHOULD TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

In the alternative, this Court should transfer this case to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1404(a). The Supreme Court has directed that a valid forum selection clause should be enforced by a motion to transfer under 28 U.S.C. § 1404(a). Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 134 S. Ct. 568, 575 (2013). Section 1404(a) provides that *"[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."* 28 U.S.C. § 1404(a) (emphasis added). The Supreme Court has further stated that when the parties have agreed to a valid forum selection clause, and the defendant files a motion to transfer, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." Atl. Marine Const. Co., 134 S. Ct. at 581.

Under ordinary circumstances, the application of 1404(a) requires balancing such factors as the convenience of the parties and the witnesses and public interest factors. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 32 (1988). This calculus changes, however, when a party seeks to transfer venue to enforce a forum selection clause. This is because a forum selection clause is "a significant factor that figures centrally in the district court's calculus." Stewart, 487 U.S. at 29; Royal Bed and Spring Co. v. Famossul Industria, 906 F.2d 45, 51 (1st Cir. 1990). Courts have routinely given considerable weight to a forum selection clause when balancing the factors. Herbert H. Landy Ins. Agency, Inc. v. Navigators Mgmt. Co., No. CIV. 14-12552-FDS, 2014 WL 3908179 (D. Mass. Aug. 8, 2014) (granting motion to transfer based on forum selection

8

clause).  See also Stewart, 487 U.S. at 33 (A valid forum-selection clause should be "given controlling weight in all but the most exceptional cases.") (Kennedy, J., concurring).

According to the Supreme Court, the presence of a forum selection clause demands that district courts alter their usual 1404(a) analysis in two critical ways.  Atl. Marine Const. Co., 134 S. Ct. at 581.  First, the plaintiff's subsequent choice of forum "merits no weight."  Id.  Rather, Plaintiff bears the burden of establishing that transfer to the forum contractually agreed-upon is unwarranted.  Id.  Second, the court should not consider the parties' private interests.  Id.  In fact, the Court "must deem the private-interest factors to weigh entirely *in favor of* the preselected forum."  Id. (emphasis added).  This is because when parties agree to a forum selection clause they are waiving the right to challenge the preselected forum as inconvenient or less convenient for themselves, their witnesses, or for their pursuit of the ligation.  Id.  Therefore, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases.  Id.

There is nothing "exceptional" about this case.  Here, all of Plaintiff's claims are subject to a straightforward, mandatory forum selection clause providing for exclusive jurisdiction in the Northern District of California.  The forum selection clause found in the Licensing Agreement is valid and enforceable.  As set forth below, the public-interest factors the Court may consider also weigh heavily in favor of transfer.

    **A.**    **Plaintiff's Claims Are Governed by a Forum Selection Clause Pointing to California**

As discussed above in Section I(B), Plaintiff's claims are governed by a forum selection clause. Before a court may consider whether to enforce a forum selection clause, it must decide whether the clause governs the claims asserted in the lawsuit.  Huffington v. T.C. Grp., LLC, 637 F.3d. 18, 21 (1st Cir. 2011).  The forum selection clause at issue here governs "any disputes, actions, claims or causes of action arising out of or in connection with this Agreement or the

9

Uber Service or Software." (Exhibit A at ¶ 14.1). The forum selection clause thus governs the entirety of this action, because each of Plaintiff's claims—for alleged independent contractor misclassification, violation of the Massachusetts Tips Law, and tortious interference with contractual and/or advantageous relations—stem from the Licensing Agreement and/or Plaintiff's use of the Uber App.

Enforcement of the forum selection clause is especially warranted because the clause provides that California is the *exclusive* forum in which this case may be heard. The Licensing Agreement states that "any disputes, actions, claims or causes of action . . . **shall** be subject to the *exclusive* jurisdiction of the state and federal courts located in the City and County of San Francisco, California." (Exhibit A at ¶ 14.1) (emphasis added). This language demonstrates that the jurisdiction is mandatory, meaning that either side can insist that the claim be litigated in California. See e.g., Huffington, 637 F.3d at 21. Moreover, "[t]he language 'exclusive jurisdiction' is mandatory, not permissive. . . ." Saturn Management LLC v. GEM-Atreus Advisors, LLC, 754 F. Supp. 2d 272, 282 (D. Mass. 2010).

B.   **The Forum Selection Clause Is Enforceable**

As discussed above in Section I(B), the forum selection clause to which Plaintiff agreed is enforceable. Under federal law, mandatory forum selection clauses are presumed to be enforceable, unless enforcement of the clause would be unfair or unreasonable. Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 18 (1st Cir. 2009); *Silva*, 239 F.3d at 386. The Supreme Court has articulated that a forum selection clause is presumptively enforceable in the absence of fraud, overreaching, unreasonableness of forum selection, or violation of the forum's public policy. M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 15 (1972); see also Huffington, 637 F.3d at 23. Plaintiff cannot meet his burden of establishing any one of these factors.

First, it is irrelevant that the Software Agreement was not "negotiated" because the Software Agreement was ultimately assented to.  The First Circuit has found that the fact that a forum selection clause was a "boilerplate" provision does not *"ipso facto* render it invalid." Silva, 239 F.3d at 389.  This is because it is not necessary to negotiate each and every written term of a contract.  See also Carnival Cruise Lines, 499 U.S. at 593 (refusing to find a non-negotiated forum selection clause in a form cruise ticket unenforceable "simply because it is not the subject of bargaining").  In Silva, the First Circuit held that a mere absence of negotiation does not by itself meet the criteria for establishing "fraud or overreaching," nor does it render the enforcement of a forum-selection clause "unreasonable and unjust." Id.

Second, Plaintiff cannot argue that he did not know the contents of the Licensing Agreement to which he was agreeing.  Plaintiff's Complaint does not allege fraud.  And "[a]bsent fraud, a person is deemed to know the contents of a contract that he or she signs . . . ." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 20-21 (1st Cir. 2009) (internal citations omitted).

Third, the forum selection clause at issue is not rendered unenforceable simply because Plaintiff acknowledged and signed it electronically through the App.  The App presents transportation providers with a link to the Licensing Agreement, and transportation providers must affirmatively click "I accept" before they are able to use the App to receive trip requests from passengers.  Courts have routinely held that these types of agreements—often referred to as "hybrid agreements"—are valid and enforceable.  See, e.g., In re Online Travel Co., 953 F. Supp. 2d 713, 718 (N.D. Tex. 2013) (enforcing arbitration agreement where users clicked a button located directly above a notice explaining that, by clicking the button, the user agrees to the policies set forth in the User Agreement, which was accessible via hyperlink); Burcham v.

11

Expedia, Inc., No. 4:07CV1963 CDP, 2009 WL 586513, *1, 3 (E.D. Mo. Mar. 6, 2009) (enforcing forum selection clause where user must check a box that states "I agree to the terms and conditions" and the phrase "terms and conditions" is highlighted and acts as a hyperlink to the user agreement); 5381 Partners LLC v. Shareasale.com, Inc., No. 12-CV-4263 JFB AKT, 2013 WL 5328324, *8 (E.D.N.Y. Sept. 23, 2013) (enforcing forum selection clause in hybrid agreement).[4]

Finally, the mere fact that a venue may be inconvenient to the plaintiff does not make a forum selection clause unreasonable, especially since the possibility of inconvenience was known and contemplated at the time of executing the Licensing Agreement. See Stereo Gema, Inc. v. Magnadyne Corp., 941 F. Supp. 271, 277 (D.P.R. 1996) (holding that the fact that parties' principals may be subject to the inconvenience and expense of travel to California is not sufficient to overcome parties' burden to demonstrate why the forum selection clause should not be enforced).

### C. Public Interest Factors Favor Transfer of Plaintiff's Claims

When a court is evaluating a motion to transfer under § 1404(a) based on a forum selection clause, the court should not consider arguments about a party's private interests or the plaintiff's later-chosen forum. Atl. Marine Const. Co., 134 S. Ct. at 581, 582. This is because a plaintiff who has already agreed to a forum selection clause already has exercised his or her right to select whatever forum he or she considers most advantageous, and "[o]nly that initial choice

---

[4] Hybrid agreements of the sort used by Defendants are also enforceable under California law. See Swift v. Zynga Game Network, Inc., 805 F. Supp. 2d 904, 912 (N.D. Cal. 2011) (enforcing forum selection clause when plaintiff was provided with an opportunity to review the terms of service in the form of a hyperlink under the "I accept" button); Guadagno v. E*Trade Bank, 592 F. Supp. 2d 1263, 1271 (C.D. Cal. 2008) (enforcing arbitration clause in hybrid agreement where a highlighted, underlined link to the agreement was directly above the acknowledgment box). This is significant given that the parties agreed that the Licensing Agreement would be interpreted under California law. See Exhibit A at ¶ 14.1 ("This Agreement shall be governed by California law . . . .").

deserves deference . . . ." Id. at 582. Therefore, "a district court may consider arguments about public-interest factors only" when analyzing the enforcement of a forum-selection clause. Id. at 582.

The Supreme Court has identified the following public-interest factors: (1) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (2) the avoidance of unnecessary problems in conflicts of laws, or in the application of foreign law; (3) the local interest in having localized controversies decided at home; (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) administrative difficulties flowing from court congestion. Atari v. United Parcel Serv., Inc., 211 F. Supp. 2d 360, 362 (D. Mass. 2002) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6 (1981)). Application of these factors favors transfer to the federal courts of California.

Practical considerations favor transfer to San Francisco, California because Uber maintains its principal place of business in California and the majority of corporate witnesses and evidence is located in California. Further, and as mentioned above, Plaintiff's counsel is already litigating a nearly identical case against Defendants in the Northern District of California before Judge Edward Chen. Judge Chen already has heard argument and read the voluminous briefings in O'Connor, which are anticipated to be virtually identical in this matter. Even if Plaintiff here were to argue that his factual circumstances differ from those that are at issue in O'Connor, Judge Chen is in a position to review the claims without having to reinvent the legal wheel or learning anew the developed legal theories with which he is intimately familiar. Indeed, the only legal difference between the two cases lies with minor, underlying state law claims. Judge Chen is perfectly capable of addressing and ruling on the claims brought under Massachusetts law. As

such, there is no risk of unnecessary problems in conflicts of laws or application of foreign law. Indeed, transfer of this case would promote administrative efficiency and consistency.

In sum, this case belongs in the Northern District of California. Because public-interest "factors will rarely defeat a transfer motion, the practical result is that forum selection clauses should control except in unusual cases." Atl. Marine Const. Co., 134 S. Ct. at 582. This case does not warrant a different result.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss all claims brought by Plaintiff in the Complaint, or, alternatively, that the Court transfer this action to the United States District Court for the Northern District of California.

Dated: October 28, 2014

Respectfully submitted,

MORGAN LEWIS & BOCKIUS LLP

By: */s/ Lisa Stephanian Burton*
   Lisa Stephanian Burton (BBO 562016)
   Peter J. Mee (BBO 677081)
   225 Franklin Street, 16th Floor
   Boston, MA 02110
   Telephone: 617.341.7700
   Facsimile: 617.341.7701
   lburton@morganlewis.com
   pmee@morganlewis.com

   *Robert Jon Hendricks
   One Market, Spear Street Tower
   San Francisco, CA 94105-1596
   Telephone: 415.442.1204
   Facsimile: 415.442.1001
   rhendricks@morganlewis.com

   *Attorneys for Defendants*
   *Pro Hac Vice Application Forthcoming

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

I, Lisa Stephanian Burton, hereby certify on behalf of Defendants that we have in good faith conferred with counsel for Plaintiff in advance of this filing in attempt to resolve or narrow the issues herein.  The parties were unable to come to a resolution on this motion.

*/s/ Lisa Stephanian Burton*
Lisa Stephanian Burton

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2014, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel registered for ECF service and by first class mail, postage prepaid to:

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
sliss@llrlaw.com

*/s/ Lisa Stephanian Burton*
Lisa Stephanian Burton
