COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                                    SUPERIOR COURT DEPT

*U.S. Dist #*
*14-CV-13938*

CIVIL ACTION NO.   14-2056

HAKAN YUCESOY, et al.,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., TRAVIS
KALANICK, and RYAN GRAVES,

Defendants.

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

TO THE CLERK FOR SUFFOLK COUNTY SUPERIOR COURT:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, please take notice that on October 21, 2014, Defendants Uber Technologies, Inc., Travis Kalanick, and Ryan Graves filed a Notice of Removal of this case to the United States District Court for the District of Massachusetts, and was assigned Case No. 14-13938. A copy of the Notice of Removal with electronic file stamp is attached.

Dated: October 22, 2014

Respectfully submitted,

MORGAN LEWIS & BOCKIUS LLP

By: _____
Peter J. Mee (BBO #677081)
Lisa Stephanian Burton (BBO #562096)
225 Franklin Street, 16th Floor
Boston, MA 02110
Telephone: 617.341.7700
Facsimile: 617.341.7701
pmee@morganlewis.com

*Attorneys for Defendants*

I HEREBY ATTEST AND CERTIFY ON
Oct. 29, 2014 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

## CERTIFICATE OF SERVICE

I, Peter J. Mee, hereby certify that I caused to be served a true and correct copy of the foregoing Defendants' Notice of Filing Notice of Removal to the United States District Court for the District of Massachusetts via United States mail, postage prepaid, October 22, 2014, on:

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
sliss@llrlaw.com

_____
Peter J. Mee

DB2/ 25393866.1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAKAN YUCESOY, on behalf of himself and others similarly situated, | |
| Plaintiff, | CIVIL ACTION NO.  14-13938 |
| v. | |
| UBER TECHNOLOGIES, INC., TRAVIS KALANICK, and RYAN GRAVES. | |
| Defendants. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendants Uber Technologies, Inc., Travis Kalanick, and Ryan Graves (collectively,

"Defendants") hereby seek the removal of the above-captioned action from the Superior Court of

the Commonwealth of Massachusetts, Suffolk County, to the United States District Court for the

District of Massachusetts.  This Court has original subject matter jurisdiction over Plaintiff's

lawsuit under the Class Action Fairness Act of 2005 ("CAFA"), because this matter was brought

as a class action, diversity of citizenship exists between one or more members of the putative

class and Defendants, the number of proposed class members exceeds 100 individuals, and the

amount placed in controversy by Plaintiff's Complaint exceeds $5 million in the aggregate.

I.   **SUMMARY OF COMPLAINT**

1.   This lawsuit is a civil action within the meaning of the Acts of Congress relating

to removal of class actions.  See 28 U.S.C. § 1453.

2.   On or about June 26, 2014, Plaintiff Hakan Yucesoy ("Plaintiff") commenced this

action against Defendants by filing a Complaint in the Superior Court for the Commonwealth of

Massachusetts, captioned *Hakan Yucesoy, on behalf of himself and others similarly situated v.*

*Uber Technologies, Inc., Travis Kalanick, and Ryan Graves,* C.A. No. 14-0576-C. A true and correct copy of the Complaint together with all process filed with the Suffolk Superior Court in the state court action is attached hereto as Exhibit A.

3.      On or about September 22, 2014, Plaintiff served Defendants with copies of the Complaint in this action.

4.      Plaintiff purports to bring and maintain this action as a class action under Massachusetts Rule of Civil Procedure 23 and Massachusetts General Law ("Mass. Gen. Laws") Chapter 149, Section 150. Compl. p. 7. Plaintiff seeks to represent the following class: "[A]ll Uber drivers (other than Uber taxi drivers) who have worked in Massachusetts." Compl. ¶¶ 4; 6.

5.      Plaintiff seeks a declaratory judgment that he and members of the putative class he seeks to represent are employees under Massachusetts law. He also seeks to recover expenses he claims were improperly incurred as a result of the alleged misclassification as independent contractors (such as expenses for maintaining or leasing vehicles, insurance, gas, phone data charges and other expenses), lost wages and other forms of restitution, damages for failure to remit the total proceeds of gratuities, interference with the receipt of gratuities, statutory trebling of wage-related damages, and attorneys' fees and costs on behalf of himself and the proposed class based on the following three causes of action: (1) misclassification of employees as independent contractors pursuant to Mass. Gen. Laws ch. 149, § 148B; (2) violation of the Massachusetts Tips Law – Mass. Gen. Laws ch. 149, § 152A; and (3) tortious interference with contractual and/or advantageous relations. Compl. pp. 5-7. Therefore, for purposes of this Notice of Removal, this matter is a class action as that term is defined pursuant to 28 U.S.C. §§ 1332(d)(1)(B) and 1453.[1]

---

[1]      Defendants do not concede, and reserve the right to contest, Plaintiff's allegation that this lawsuit may properly proceed as a class action.

II.      **THE REMOVAL IS TIMELY**

6.      Plaintiff served Defendants with the Complaint on September 22, 2014.  Because this Notice of Removal is filed within thirty (30) days of service of the Complaint on Defendants, it is timely under 28 U.S.C. §§ 1446(b) and 1453.

7.      No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

III.     **THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

8.      This Court has original jurisdiction based on diversity of citizenship under CAFA because this matter was brought as a class action, diversity of citizenship exists between one or more members of the putative class and Defendants, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate, $5 million, exclusive of interests and costs.  28 U.S.C. §§ 1332(d), 1453.  No exception to the exercise of federal jurisdiction applies.  See, e.g., U.S.C. § 1332(d)(4)(A)-(B).  Removal under diversity jurisdiction is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

A.      **Diversity of Citizenship Exists.**

9.      Plaintiff was at the time of the commencement of this action, and is now, a resident and citizen of the Commonwealth of Massachusetts.  See Compl. ¶ 3; Declaration of Michael Colman ("Colman Decl.") ¶ 4, Exhibit B.  (The Colman Declaration is attached hereto as Exhibit B.)

10.     Defendant Uber Technologies, Inc. ("Uber") was at the time of the commencement of this action, and is now, a privately-held company, incorporated in Delaware, with its principal place of business in San Francisco, California.  Compl. ¶ 7; Colman Decl. ¶ 3.

11.     Defendants Travis Kalanick ("Kalanick") and Ryan Graves ("Graves") were at the time of the commencement of this action, and are now, residents and citizens of the state of California.  Compl. ¶¶ 8-9; Colman Decl. ¶ 3.

12.     As a result, and for the purpose of 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the named Plaintiff and Defendants.  28 U.S.C. § 1332(c)(1).

13.     To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists – that is, that one putative class member is a citizen of a state different from that of Defendants.  28 U.S.C. § 1332(d)(2).

14.     Based on the above, at least one member of the putative class is a citizen of a state different from Defendants, as Plaintiff is a citizen of Massachusetts, while none of the Defendants is a citizen of Massachusetts.  28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which any member of a class of plaintiffs is a citizen of a state different from any Defendant).

**B.  <u>The Amount-In-Controversy Requirement Under CAFA Is Satisfied.</u>**

15.     CAFA provides for the aggregation of the claims of the individual members in a class action to determine if the amount in controversy exceeds the sum or value of $5 million, exclusive of interests and costs.  <u>See</u> 28 U.S.C. § 1332(d)(6).

16.     In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5 million either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Report, S. Rep. 109-14, at 42 (2005).

17.     Where, as here, Plaintiff does not expressly plead a specific amount of damages, defendants must only show a reasonable probability that the amount in controversy exceeds $5 million.  Sierra v. Progressive Direct Ins. Co., Civil Action No. 12-30020-FDS, 2012 WL 4572923, at *2 (D. Mass. Sept. 28, 2012).  Plaintiff's likelihood of success on the merits is irrelevant to the question of the court's jurisdiction, as "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover."  Manson v. GMAC Mortg., LLC, 602 F. Supp. 2d 289, 293 n. 6 (D. Mass. 2009).  As "questions of removal are typically decided at the pleadings stage where little or no evidence has yet been produced, the issue should be resolved without an extensive fact-finding inquiry or 'mini-trial' about the amount in controversy."  Sierra, 2012 WL 4572923 at *2.

18.     While Defendants deny Plaintiff's claims and deny that Plaintiff or the putative class he purports to represent are entitled to the relief for which he has prayed,[2] it is clear that, when the maximum potential values of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint "more likely than not" put into controversy an amount in excess of $5 million.

### C.  Information Relevant To Establishing Application of CAFA.

19.     Plaintiff's Complaint does not define the class period.

20.     The statute of limitations for Plaintiff's claims for unpaid wages stemming from his alleged misclassification as an independent contractor is three years.  Mass. Gen. Laws. ch. 149, § 150.

---

[2]     This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Defendants refer to damages amounts and cite to comparable cases solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendants maintain that each of Plaintiff's claims is without merit and that Defendants are not liable to Plaintiff or the putative class he claims to represent.  Defendants specifically deny that Plaintiff has suffered any damage as a result of any act or omission by Defendants.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise.

21.     The statute of limitations for Plaintiff's claim alleging violation of the Tips Law is three years. Id.

22.     The statute of limitations for Plaintiff's claim for tortious interference with contractual and/or advantageous relations is three years. LeGoff v. Trustees of Boston Univ., 23 F. Supp. 2d 120, 129 (D. Mass. 1998) (tortious interference with "advantageous" relations); Randal v. Boston Hous. Auth., CIV. A. 06-12120-RWZ, 2007 WL 3104758 (D. Mass. Sept. 19, 2007) (tortious interference with "contractual" relations).

23.     Thus, as Plaintiff filed his Complaint on June 26, 2014, the class period would be June 26, 2011 through the conclusion of this action.

24.     During the period of June 26, 2011 through October 4, 2014, thousands of individual operators and thousands of transportation companies in Massachusetts were parties to written agreements under which they were licensed to use Uber's Smartphone application for the purpose of obtaining lead generation services for potential third party customers seeking transportation services ("Transportation Providers").[3] Colman Decl. ¶ 6.

25.     During this period, Massachusetts consumers purchased far more than $25 million in transportation services from these Transportation Providers using Uber's Smartphone application. These Transportation Providers drove, in the aggregate, well over 10 million miles in trips booked through the Uber application. Id., ¶ 7.

26.     The Internal Revenue Service standard mileage rates used to calculate the deductible costs of operating an automobile for business purposes ranged from 51 cents per mile

---

[3] This figure represents the aggregate number of Transportation Providers providing services to consumers using Uber's UberX, UberSUV, and Uber Black Car applications. It does not include individuals providing services to consumers using Uber's Uber TAXI application. Colman Decl. ¶ 6.

to 56 cents per mile during the class period.  See Exhibit C, IRS Standard mileage rates,

(available at: http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates/).

**D.**   **Plaintiff's Claims For Damages Exceed The CAFA $5 Million In Controversy Threshold.**

27.   In his first cause of action, Plaintiff alleges that Defendants violated the

Massachusetts Independent Contractor Law by misclassifying him as an independent contractor,

rather than an employee.  Compl., p.5 (Count I).  Plaintiff alleges that this misclassification

entitles him and the putative class to damages for, among other things, maintaining and/or

leasing their vehicles; insurance; gas; and other expenses.  Id.

28.   For purposes of this Notice only, Defendants' calculations assume that putative

class members incurred vehicle expenses enumerated in Plaintiff's Complaint based on the

lowest applicable IRS reimbursement rate during the class period.  Under this assumption, the

amount placed at issue by Plaintiff relating to the allegation referenced in Count I, *supra*, for

improperly incurred expenses far exceeds $5 million (well over 10 million miles times 51 cents

per trip mile).[4]  Colman Decl. ¶ 7.

29.   In his second cause of action, Plaintiff alleges that Defendants violated the

Massachusetts Tips Law by failing to remit the total proceeds of gratuities to Transportation

Providers.  Plaintiff effectively alleges that this figure represents at least 20% of the

---

[4] Defendants based the calculation of Plaintiff's alleged improper vehicle expenses upon the IRS reimbursement rates for mileage.  See Internal Revenue Bulletin: 2010-51 (available at: http://www.irs.gov/irb/2010-51_IRB/ar14.html#d0e1940) ("A taxpayer computes a deduction using the business standard mileage rate on a yearly basis and in lieu of computing the fixed and variable costs of the automobile allocable to business purposes []. Items such as depreciation or lease payments, maintenance and repairs, tires, gasoline (including all taxes thereon), oil, insurance, and license and registration fees are included in fixed and variable costs for this purpose.") Plaintiff's counsel recently argued the IRS reimbursement rate to be the proper measurement of these expenses in a brief currently before the Massachusetts Supreme Judicial Court.  See Exhibit D, Brief of Plaintiffs-Appellants in the matter of Schwann et al. v. Fedex Ground Package System, Inc., p. 4, n. 5.

transportation services consumers purchased from Transportation Providers during the class period.  See Compl. ¶¶ 14; 17; 18; 20-21.[5]

30.     If Transportation Providers had received an additional 20% tip for every trip booked using Uber's Smartphone application, they would allegedly have amassed more than $5 million in tips, based upon 20% of gross transportation services (at least $25 million) purchased during the class period.

31.     When trebled under Mass. Gen. L. c. 149, § 150, the amount Plaintiff may place in controversy with respect to the alleged Tips Law violation significantly exceeds $15 million.

32.     When trebled under Mass. Gen. L. c. 149, § 150, the amount Plaintiff may place in controversy with respect to alleged improper expenditures significantly exceeds $15 million.

### E. Summary of Amount In Controversy.

33.     Thus, although Defendants expressly deny Plaintiff's allegations and theories of recovery, and expressly deny that he or the putative class he purport to represent is entitled to any of the requested relief, the amount in controversy associated with Plaintiff's aggregated claims clearly exceeds the $5 million threshold set forth under 28 U.S.C. § 1332(d)(2).

34.     Based on the categories of damages and calculations outlined above, the amount placed in controversy by the allegations in Plaintiff's Complaint exceeds $30 million as follows:

- Vehicle Expenses:          at least $5 million (at least 10 million miles X $.51)
- Unrealized Tips:           at least $5 million[6] (20% of at least $25 million)
- **TOTAL (trebled)**[7]:        at least **$30 million**

---

[5] In addition, Plaintiff's Count III for tortious interference with contractual and/or advantageous relations is a "deterred" tipping theory, wherein Plaintiff alleges that he was completely denied tips based upon Uber's purportedly false advertising.  This is an alternative theory Plaintiff advances to obtain what he claims is a 20% "customary" industry standard tip on fares.  See Compl., ¶ 17.

[6] Purportedly recoverable under the multiple theories advanced in Counts II and III of the Complaint.

[7] Per Mass. Gen. Laws ch. 149, § 150.

This calculation of the amount in controversy does not take into account Plaintiff's demand for attorneys' fees. See Lenahan v. Dick's Sporting Goods, Inc., Civil Action No. 10-11832-RGS, 2010 WL 5092254 at *1 (D. Mass. Dec. 8, 2010) (stating that attorneys' fees are properly included in amount in controversy calculations); Spielman v. Genzyme Corp., 193 F.R.D. 19, 21 (D. Mass. 2000) (finding that attorneys' fees can be included in the assessment of the amount in controversy when provided by statute).[8]

### F.   No Exceptions to CAFA Jurisdiction Apply.

35.     CAFA provides for two primary exceptions to the exercise of federal jurisdiction, the so-called "home-state" and "local controversy" exceptions. *See* 28 U.S.C. §§ 1332(d)(4)(A)-(B). Both exceptions require, inter alia, at least one defendant to be a citizen of the state in which the action was originally filed. Id. Plaintiff bears the burden of proof as to the applicability of these exceptions. Manson, 602 F. Supp. 2d at 295; S. Rep. No. 109-14 at 42 (exceptions to CAFA jurisdiction should be interpreted narrowly and doubts should be resolved "in favor of exercising jurisdiction over the matter"). Plaintiff cannot meet his burden of proving that either exception applies because Defendants are not citizens of Massachusetts. See ¶¶ 10, 11, *supra*.

## IV.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

36.     As set forth above, this Notice of Removal is filed within thirty days of service of the Complaint upon Defendants.

---

[8] In the event the Court requires more precise amount in controversy calculations, Defendant is prepared to submit, for *in camera* review and subject to an "attorneys' eyes only" protective order, specific information regarding the number of putative class members and aggregate fares and trip mileage during the Measuring Period. However, Defendant submits that the information provided herein and attested to under penalty of perjury suffices to show a reasonable probability that the amount in controversy exceeds $5 million.

37.     As Plaintiff originally filed this action in the Superior Court of the

Commonwealth of Massachusetts, removal to the United States District Court for the District of

Massachusetts is proper under 28 U.S.C. § 1441(a).

38.     As required by 28 U.S.C. § 1446(d), Defendants will provide notice of this

removal to Plaintiff through his attorneys of record.

39.     As required by 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice

with the Superior Court of the Commonwealth of Massachusetts.

40.     If any question arises as to the propriety of the removal of this action, Defendants

request the opportunity to present a brief in support of their position that this case is removable

and that CAFA's limited exceptions to federal jurisdiction are inapplicable.

**WHEREFORE**, Defendants, desiring to remove this case to the United States District

Court for the District of Massachusetts, pray that the filing of this Notice of Removal shall effect

the removal of this action to this Court.

Dated: October 21, 2014

Respectfully submitted,

MORGAN LEWIS & BOCKIUS LLP

By: /s/ Lisa Stephanian Burton

    Lisa Stephanian Burton (BBO 562016)
    Peter J. Mee (BBO 677081)
    225 Franklin Street, 16th Floor
    Boston, MA 02110
    Telephone: 617.341.7700
    Facsimile: 617.341.7701
    lburton@morganlewis.com
    pmee@morganlewis.com

    Robert Jon Hendricks
    One Market, Spear Street Tower
    San Francisco, CA 94105-1596
    Telephone: 415.442.1204
    Facsimile: 415.442.1001
    rhendricks@morganlewis.com

    *Attorneys for Defendants*

I hereby certify on _____ that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on 10-21-14
☐ original filed in my office on 10-21-14
    Robert M. Farrell
    Clerk, U.S. District Court
    District of Massachusetts

By: _____
Deputy Clerk

## CERTIFICATE OF SERVICE

    I hereby certify that on October 21, 2014, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel registered for ECF service and by first class mail, postage prepaid to:

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
sliss@llrlaw.com

    /s/ Lisa Stephanian Burton
    Lisa Stephanian Burton

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

HAKAN YUCESOY, on behalf of himself and
others similarly situated,

         Plaintiff,

    v.

UBER TECHNOLOGIES, INC., TRAVIS KALANICK,
and RYAN GRAVES.

        Defendants.

CIVIL ACTION NO. ___

## DECLARATION OF MICHAEL COLMAN

I, the undersigned, Michael Colman, declare that:

1.    I am employed by Uber Technologies, Inc. ("Uber") as a Driver Operations Specialist, working as part of Uber's PRO Team. I make this declaration in support of Defendants' Notice of Removal of Action to the United States District Court for the District of Massachusetts. I am authorized to make these statements on behalf of Uber.

2.    I have access to and personal knowledge of the matters and information set forth in this declaration, including business and financial records, and if called upon to testify thereto, could and would competently do so.

3.    Uber was at the time of the commencement of this action, and is now, a privately-held company, incorporated in Delaware, with its principal place of business in San Francisco, California. Defendants Travis Kalanick and Ryan Graves were at the time of the commencement of this action, and are now, residents and citizens of the state of California.

4.    In order to become authorized to use Uber's smartphone application for lead generation services, drivers must submit a copy of a valid driver's license. In connection with his application to become authorized to use the Uber application in Massachusetts, Plaintiff Hakan Yucesoy provided Uber with a copy of his Massachusetts driver's license, which indicates that he resides in Brookline, Massachusetts. Mr. Yucesoy never provided Uber with any alternative home address outside Massachusetts, nor advised Uber that he had changed addresses or moved outside Massachusetts. Attached hereto as Exhibit 1 is a true and correct copy of the driver's license Mr. Yucesoy provided to Uber. The license number and street address have been redacted to protect Mr. Yucesoy's privacy.

5.    Uber's Smartphone application service launched in greater Boston on October 5, 2011.

6.    Based on my review of company records, I have personal knowledge of the fact that, during the period from June 26, 2011 through October 4, 2014 (the "Measuring Period"), thousands of individual operators and thousands of transportation companies in Massachusetts were party to written agreements under which they were licensed to use Uber's Smartphone application for the purpose of obtaining lead generation services for potential third party

customers seeking transportation services ("Transportation Providers"). This figure represents the aggregate number of Transportation Providers providing services to consumers using Uber's UberX, UberSUV, and Uber Black Car applications. It does not include Transportation Providers who used Uber's TAXI application.

7.      Uber retains records showing the fares customers pay for transportation services they book through Uber's smartphone application. Based on my review of such records, I have personal knowledge of the fact that, during the Measuring Period, consumers in Massachusetts purchased far more than $25 million in transportation services from these Transportation Providers using Uber's Smartphone application. The fares customers pay are based in part on the distance of the trip. Based on my review of company records, I am aware that Transportation Providers in Massachusetts who provided services to consumers using the UberX, UberSUV, and Uber Black Car applications drove, in the aggregate, well over 10 million miles in trips booked through the Uber application. Although in this declaration I refer to "thousands" with respect to the number of Transportation Providers, and minimums with respect to the amount of transportation services purchased from Transportation Providers using Uber's App and trip mileage, based on my review of company data and records, I know the actual numbers far exceed the minimums listed. I have not included the actual numbers within this declaration because Uber views that information as highly confidential. Should the Court require it, I would be able to provide the Court, under seal or *in camera*, the actual numbers with respect to revenue, trip mileage and the number of Transportation Providers.

I declare under pain and penalty of perjury under the laws of the United States of America and the Commonwealth of Massachusetts that the foregoing is true and correct.

Executed on this 21st day of October, 2014.

MICHAEL COLMAN

# EXHIBIT 1



JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HAKAN YUCESOY, on behalf of himself and others similarly situated,

### DEFENDANTS
UBER TECHNOLOGIES, INC., TRAVIS KALANICK, and RYAN GRAVES,

(b) County of Residence of First Listed Plaintiff __Norfolk, MA__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __San Francisco, CA__
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Shannon Liss-Riordan, Lichten & Liss-Riordan, PC, 729 Boylston St, Suite 2000, Boston, MA 02116 / 617.994.5800

Attorneys *(If Known)*
Lisa Stephanian Burton, Peter J. Mee, Morgan Lewis & Bockius, LLP 225 Franklin Street, 16th Floor, Boston, MA 02110 / 617.341.7700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
      Plaintiff

☐ 3   Federal Question
      *(U.S. Government Not a Party)*

☐ 2   U.S. Government
      Defendant

☒ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |      Liability ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Pharmaceutical | | ☐ 820 Copyrights | ☐ 450 Commerce |
|      & Enforcement of Judgment |      Slander      Personal Injury | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |      Liability ☐ 368 Asbestos Personal | | |      Corrupt Organizations |
|      Student Loans | ☐ 340 Marine      Injury Product | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|      (Excludes Veterans) | ☐ 345 Marine Product      Liability | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |      Liability **PERSONAL PROPERTY** |      Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
|      of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 370 Other Fraud | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |      Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle ☐ 371 Truth in Lending |      Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☒ 190 Other Contract |      Product Liability ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |      Injury ☐ 385 Property Damage |      Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -      Product Liability | ☐ 790 Other Labor Litigation | |      Act |
| |      Medical Malpractice | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** |      Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights **Habeas Corpus:** | |      or Defendant) |      Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party |      Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment ☐ 510 Motions to Vacate | |      26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Sentence | | |      State Statutes |
| ☐ 245 Tort Product Liability |      Accommodations ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 535 Death Penalty | | | |
| |      Employment **Other:** | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| |      Other ☐ 550 Civil Rights | ☐ 465 Other Immigration | | |
| | ☐ 448 Education ☐ 555 Prison Condition |      Actions | | |
| | ☐ 560 Civil Detainee - | | | |
| |      Conditions of | | | |
| |      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
     Proceeding

☒ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Sections 1332, 1441, 1446

Brief description of cause:
Plaintiff purports to bring class action to recover expenses improperly incurred due to alleged misclassification.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
10/21/2014

SIGNATURE OF ATTORNEY OF RECORD
/s/ Lisa Stephanian Burton

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Hakan Yucesoy, on behalf of himself and others similarly situated v.
   Uber Technologies, Inc., Travis Kalanick and Ryan Graves

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
   rule 40.1(a)(1)).

   [ ]  I.    410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   [✓]  II.   110, 130, 140, 160, 190, 196, 230, 240, 290, 320, 362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720,
              740, 790, 820*, 840*, 850, 870, 871.

   [ ]  III.  120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 385, 400,
              422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 625, 690, 751, 791, 861-865, 890, 896, 899,
              950.

              *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                      YES [ ]      NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC
   §2403)

                                                      YES [ ]      NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                      YES [ ]      NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                      YES [ ]      NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                      YES [✓]      NO [ ]

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division [✓]       Central Division [ ]              Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
       residing in Massachusetts reside?

       Eastern Division [ ]       Central Division [ ]              Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
   submit a separate sheet identifying the motions)

                                                      YES [ ]      NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Lisa Stephanian Burton
ADDRESS 225 Franklin Street, 16th Floor, Boston, MA 02110
TELEPHONE NO. 617.341.7725

                                                                      (CategoryForm9-2014.wpd )

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

HAKAN YUCESOY, on behalf of himself and
others similarly situated,

                 Plaintiffs,

     v.

UBER TECHNOLOGIES, INC., TRAVIS
KALANICK, and RYAN GRAVES,

                 Defendants.

**CIVIL ACTION NO.**   14-13938

## CORPORATE DISCLOSURE STATEMENT

Defendant Uber Technologies, Inc. files its Corporate Disclosure Statement in

accordance with Federal Rule of Civil Procedure 7.3 as follows:

Uber Technologies, Inc. is a privately-held Delaware corporation with no parent

corporation or publicly-held corporation that owns ten percent (10%) or more of its stock.

Dated: October 21, 2014                Respectfully submitted,

                                       MORGAN LEWIS & BOCKIUS LLP


                                       By: */s/ Lisa Stephanian Burton*
                                           Lisa Stephanian Burton (BBO #562096)
                                           Peter J. Mee (BBO #677081)
                                           225 Franklin Street, 16th Floor
                                           Boston, MA 02110
                                           Telephone: 617.341.7700
                                           Facsimile: 617.341.7701
                                           lburton@morganlewis.com
                                           pmee@morganlewis.com

                                           Robert Jon Hendricks *(pro hac vice forthcoming)*
                                           One Market, Spear Street Tower
                                           San Francisco, CA 94105-1596
                                           Telephone: 415.442.1204
                                           Facsimile: 415.442.1001
                                           rhendricks@morganlewis.com

                                           *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2014, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel registered for ECF service and by first mail, postage prepaid to:

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
sliss@llrlaw.com

*/s/ Lisa Stephanian Burton*
Peter J. Mee

DB2/ 25389952.1